JOSEPH E. MATTHEWS *v.* DELTA SOUTHERN RAILROAD COMPANY.

[43 South., 475.]

VENDOR AND VENDEE. *Lien. Deed. Recited consideration. Actual consideration.*

A grantor who conveys land on the promise of a representative of the grantee to pay an agreed consideration can enforce his lien thereon for the agreed price though his deed recites a less price.

FROM the chancery court of Leflore county.

HON. PERCY BELL, Chancellor.

The appellant, Matthews, was complainant in the court below, and the railroad company, appellee, was defendant there. From a decree sustaining defendant's demurrer to the complainant's bill and dismissing the suit, complainant appealed to the supreme court.

Complainant sued to enforce a vendor's lien on land conveyed by him to defendant.

The bill alleged that complainant, a negro, was in the employ of one Morgan, an agent of defendant company, to procure a right of way over the lands of complainant and others

for railroad purposes; that the consideration for the conveyance by complainant to defendant of the right of way was defendant's verbal promise, made by Morgan its agent, to pay complainant $25 per acre for such of complainant's land as should be needed for a right of way, the same to be paid as soon as the defendant should commence to build its railroad through the land; that on such understanding the complainant executed a deed, prepared by Morgan or the defendant company, conveying the land desired by the company; but that this deed, instead of reciting the true consideration, recited that it was made "in consideration of one dollar paid and for the benefits to accrue to the grantor by reason of the building of the railroad." The bill further alleged that this deed, as thus prepared, was a fraud upon complainant, who had relied implicitly upon Morgan; that the true consideration had never been paid nor tendered to complainant; that Morgan had died since the execution of the deed; that the defendant company had taken possession of the right of way consisting of three and nine-tenths acres, and that the defendant company was due complainant $97.50. The bill prayed that this sum, with interest, be decreed to be a lien on the land taken by defendant under the deed for right of way purposes, and for a sale thereof to satisfy this sum.

The defendant demurred to the bill, and the chancery court sustained the demurrer, and dismissed the bill.

*Coleman & Wade,* for appellant.

Appellant is entitled to show that the nominal consideration of one dollar mentioned in his deed to appellee was not paid, and that it was not the true consideration of the conveyance. *Pollen* v. *James,* 45 Miss., 120; *Meyer* v. *Casey,* 57 Miss., 657; *Cocke* v. *Blackbourn,* 57 Miss., 689; *Ohleyer* v. *Bernheim,* 67 Miss., 75, s.c., 7 South., 319.

Moreover, appellant is entitled to enforce a vendor's lien against appellee for all of the true consideration of the deed

which remains unpaid. *Dodge* v. *Evans,* 43 Miss., 570; *Pitts* v. *Parker,* 44 Miss., 247; Jones on Liens, sec. 1061. The statute of frauds has no application to a vendor's lien in a case such as this. Jones on Liens, sec. 1062; *Allen* v. *Bennett,* 8 Smed. & M., 672; *Dodge* v. *Evans,* 43 Miss., 570; *Fry* v. *Prewett,* 56 Miss., 783.

Although the bill recites that Morgan was to pay the appellant, this in no wise constitued any waiver of his rights to a lien on appellant's part. *Dunlap* v. *Burnett,* 5 Smed. & M., 702.

The right of the appellant to a lien was not waived by any acknowledgment in the deed of the receipt of consideration. *Gordon* v. *Manning,* 44 Miss., 756.

The appellee has paid nothing for the land, and is a mere volunteer and not a *bona fide* purchaser for value. No person save a *bona fide* purchaser for value can successfully resist the vendor's lien. *Doyle* v. *Orr,* 51 Miss., 229. See also, to same effect, *Upshur* v. *Hargrove,* 6 Smed. & M., 291; *Russell* v. *Watt,* 41 Miss., 698; *Halloway* v. *Ellis,* 25 Miss., 103; *Davis* v. *Pearson,* 44 Miss., 510; *Perkins* v. *Gibson,* 51 Miss., 699; *Champlin* v. *McLeod,* 53 Miss., 484. These cases all hold that a mere volunteer who has paid nothing for land cannot successfully resist a claim under a vendor's lien.

If the negotiation of purchase and agreement to sell be with one person, but the deed be, at his instance, made to another by way of gift or advancement, the person to whom the title is made will be regarded as a volunteer, taking the estate without consideration, and a lien will arise for unpaid purchase money. *Campbell* v. *Henry,* 45 Miss., 327; *Davis* v. *Pearson,* 44 Miss., 508.

A court of equity will regard the substance and not the mere form of agreements and other instruments, and will seek to give the precise effect which the parties thereto intended in furtherance of that intention. *Perkins* v. *Gibson,* 51 Miss., 699. It was clearly never the intention of the appellant, Mat-

thews, to part with his land without receiving in payment therefor $25 per acre. He has received nothing for his land. The estate of Morgan, deceased, is clearly not liable to him for the purchase money. Appellee paid nothing for the land, and should not be permitted by a court of equity to hold it without paying the appellant the amount actually agreed on, before execution of the deed, as consideration.

*Catchings & Catchings,* for appellee.

It is manifest that the appellant sold to the appellee railroad company on the credit of W. H. Morgan, and that he did not rely upon any vendor's lien for security. Morgan's verbal promise to pay appellant in itself constituted a waiver of any vendor's lien which might otherwise exist. This court has frequently held that a vendor's lien is waived by the taking of additional security, as, for instance, a promissory note.

The intention of the parties manifestly was that the railroad company should build its road, and that Morgan should pay for the right of way, and there is nothing in the bill to justify the idea that there was any intent to reserve a vendor's lien in the sale of the right of way. The court must look to the intention of the vendee as well as of the vendor, and there is nothing in the bill to show that the vendee railroad company had any knowledge whatever that Morgan had agreed to pay appellant $25 per acre. It would be strange indeed if, under these circumstances, the appellee, acting in good faith, should have constructed its road over the land in controversy, believing that appellant had conveyed the same to it for the recited consideration of $1 and the benefits expected to arise by reason of the construction of the road, and should thereafter learn for the first time that some third person, without its knowledge or consent, had induced appellant to make the deed by promising to pay him a certain sum, and should itself be compelled to make this promise good. This would be imposing upon the appellee a contract into which it had never entered.

In this case the appellee does not occupy the attitude of a mere volunteer, for it has built its railroad at heavy expense, in compliance with its promise to do so, which was expressed as the real consideration of the deed. It is true that there is a general allegation in the bill that "said deed, so obtained, was a fraud perpetrated by the defendant railroad company and by said Morgan," but this language is merely a legal conclusion. No facts are set forth in the bill which sustain the allegation of fraud.

WHITFIELD, C. J., delivered the opinion of the court.

The complainant was clearly entitled to a lien on the land described in the deed for $25 and interest. The appellee, through its agent, Morgan, got the land, and equity will not permit it to hold it without paying the value agreed on.

*The decree is reversed, the demurrer overruled, and the cause remanded, for answer within thirty days from the filing of the mandate in the court below.*