HADEN *et ux. v.* SIMS *et al.*

(Division A. Oct. 23, 1933.)

[150 So. 210. No. 30756.]

**O. M. Oates,** of Bay Springs, for appellants.

J. A. McFarland, of Bay Springs, and W. S. Welch and Ellis B. Cooper, both of Laurel, for appellees.

Smith, C. J., delivered the opinion of the court.

The appellee, Ezell Sims, administrator of the estate of J. L. Sims, Jr., deceased, together with the heirs at

law of the deceased, exhibited an original bill against the appellants for the specific performance of a contract alleged to have been made by the appellants with the deceased. In substance the bill alleges, among other things, that the deceased and the appellants agreed to exchange land owned by each; the appellants agreeing, as part of the consideration for the exchange, to execute and deliver to the deceased a promissory note for one thousand dollars, secured by a deed of trust on the land which the deceased would convey to them. Deeds were executed pursuant to this agreement; the consideration recited in the deed from the deceased to the appellants being "one dollar and other considerations." The deceased died shortly after the execution of these deeds, and the alleged agreement for the execution of a promissory note and deed of trust from the appellants to the deceased was not executed. The bill prayed for the specific performance of the agreement to execute the note and deed of trust, and concluded with the usual general prayer. Afterwards the bill was amended so as to allege a vendor's lien in the deceased for the unpaid purchase money. A demurrer to the bill was overruled and an appeal granted to settle the principles of the case.

The appellees expressly abandoned any right to the specific performance of the agreement to execute the note and deed of trust, and stand on the right to subject the land to a vendor's lien for the alleged unpaid purchase money therefor.

The two contentions of the appellants are: First, the contract between the parties is that evidenced by the deed from the deceased to the appellants and cannot be varied by parol; and, second, the alleged vendor's lien cannot arise under the statute of frauds, paragraph c, section 3343, Code 1930.

Parol evidence is admissible to prove what the "other considerations" in the deed from the deceased to the appellants are. Blum v. Planters' Bank & Trust Co.,

161 Miss. 226, 135 So. 353. The alleged agreement to pay an additional one thousand dollars for the land is not inconsistent with the deed's stated consideration of "one dollar and other considerations," and "is such an agreement as might naturally be made as a separate agreement by (the) parties situated as were the parties to the written contract." A. L. I., Restatement Contracts, section 240.

If the agreement to pay the one thousand dollars as a part of the consideration for the conveyance of the land is proven, a vendor's lien therefor arises in equity independent of contract, and is enforceable in a court of equity. Matthews v. Delta Southern R. Co., 90 Miss. 429, 43 So. 475, a case similar in its facts to the one at bar.

Affirmed and remanded.