MOREHEAD *v.* MOREHEAD.

No. 39294 November 8, 1954 75 So. 2d 453

162

*Roy N. Lee,* Forest, for appellants.

*Clarence R. Scales,* Jackson; *William C. Thompson,* Forest, for appellees.

HOLMES, J.

The appellees, James P. Morehead, Jr., and his wife Gloria Morehead, filed their original bill in the Chancery Court of Scott County against A. G. Morehead, Mrs. Lollie Morehead Risher, and Mrs. Anna Vaughn Morehead, alleging the said James P. Morehead, Jr. to be the owner in fee simple of certain lands in Scott County, described as the South half of the Northeast Quarter, less one acre in the Southwest corner thereof reserved for a graveyard, Section 20, Township 5 North, Range 7 East, comprising 79 acres, more or less, subject to an oil and gas lease thereon dated September 21, 1949, and recorded in Oil and Gas Lease Book 23, page 97, in the office of the chancery clerk of said county, seeking to have confirmed in the said James P. Morehead, Jr., the title to said lands, and to have cancelled as clouds upon such title all claims and assertions of title to said lands by the defendants.

There is no dispute in the evidence as to the facts out of which this suit arose, and we state these facts briefly: On September 9, 1946, J. P. Morehead, Sr., and his wife, Mrs. Anna Vaughn Morehead, the parents of J. P. Morehead, Jr., owned the 79 acres of land, referred to in the record as the north eighty, and, in addition thereto, the northeast quarter of the southeast quarter, less one acre, Section 20, Township 5 north, Range 7 east, in Scott County, referred to in the record as the south forty, both tracts aggregating a total of 118 acres. On said date J. P. Morehead, Sr. and his wife sold and conveyed to their son, J. P. Morehead, Jr., the entire tract of 118 acres for $2,000, payable $250 cash and the balance evidenced by notes of $250 each, maturing one each year thereafter. A vendor's lien was retained in the deed to secure the payment of the purchase price. The deed contained the following clause: "And it is understood that the vendors herein retain a home on said land as long as they live, or either one lives."

The cash payment of .$250 was made and the first maturing note of $250 was paid on its due date by J. P. Morehead, Jr. Mr. and Mrs. Morehead, Sr. had occupied the land in question as a homestead since approximately 1928. Their house is located on what is referred to in the record as the south forty. J. P. Morehead, Jr. and his wife also lived on the south forty in a separate house from that of their parents. During the year 1949, activity in the sale of oil, gas and mineral rights developed in the county and Mr. Morehead, Sr. proposed to his son, J. P. Morehead, Jr., that the latter convey to him the aforesaid 118 acres of land so that he might grant an oil, gas and mineral lease thereon and obtain the benefits of the bonus money and lease rentals paid therefor. In return, Mr. Morehead, Sr. proposed that he and his wife would convey to J. P. Morehead, Jr. the track of 79 acres, after the execution by him of the aforesaid oil, gas and mineral lease on the

entire tract of 118 acres, and that he would likewise release the said J. P. Morehead, Jr. on his unpaid notes evidencing the deferred purchase price of the land.

Accordingly, J. P. Morehead, Sr. and J. P. Morehead, Jr. entered into a verbal agreement whereby J. P. Morehead, Jr. and his wife would convey to J. P. Morehead, Sr. the entire tract of land comprising 118 acres, and J. P. Morehead, Sr. and his wife would convey to the said J. P. Morehead, Jr. the aforesaid tract of 79 acres, and release the said J. P. Morehead, Jr. on his aforesaid note. Mr. Morehead, Sr. was growing old and he was to a large degree physically incapacitated, and the purpose of the aforesaid agreement was to enable Mr. Morehead, Sr. to enjoy the benefits of the bonus money and delay rentals derived from the aforesaid oil, gas and mineral lease.

Pursuant to the agreement, Mr. Morehead, Sr. and Mr. Morehead, Jr., and one George Earl Parkman, went to the office of W. B. Tullos in Morton, Mississippi, for the purpose of having the deeds prepared. Tullos was a dealer in oil, gas and mineral rights and was also a notary public. Tullos, in response to the request of the parties, prepared the deeds. He prepared one warranty deed dated August 25, 1949 to be executed by J. P. Morehead, Jr. and his wife, which conveyed to J. P. Morehead, Sr. the entire 118 acres. This deed was executed by J. P. Morehead, Jr. in the office of Mr. Tullos. The consideration recited in this deed was $500 cash and other good and valuable considerations. Mr. Tullos prepared another warranty deed and dated it August 26, 1949, for execution by J. P. Morehead, Sr. and his wife conveying to J. P. Morehead, Jr. the aforesaid tract of 79 acres. This deed was signed by J. P. Morehead, Sr. in Mr. Tullos' office. This deed likewise recited a consideration of $500 cash and other good and valuable considerations. Mr. Morehead, Sr. and Mr. Morehead, Jr. and Mr. Tullos, accompanied also by George Earl Parkman according to some of the testimo-

ny, took the deed which J. P. Morehead, Sr. had signed and also the deed which J. P. Morehead, Jr. had signed. They went first to Mrs. J. P. Morehead, Jr., who was working in the chicken plant in the nearby community, for the purpose of submitting to her for execution the deed which her husband had already signed. Mrs. Morehead, Jr. was familiar with the agreement for the exchange of lands made between her husband and her father-in-law. She was shown the deed which J. P. Morehead, Sr. had already signed conveying to J. P. Morehead, Jr. the tract of 79 acres. She then executed the deed which her husband had signed and acknowledged it before Mr. Tullos as a notary public. Mr. Tullos and Mr. Morehead, Sr. then went to the latter's home for the purpose of obtaining the signature of Mrs. Morehead, Sr. on the deed which her husband had already signed conveying to J. P. Morehead, Jr. the tract of 79 acres. After some conversation between Mr. Morehead Sr. and his wife, Mrs. Morehead, Sr. declined to sign the deed. It is not clear from the evidence just what became of those instruments thereafter, except that the deed from J. P. Morehead, Jr. and his wife Gloria to J. P. Morehead, Sr. was filed for record at 4:30 P.M. on September 21, 1949. The oil, gas and mineral lease executed by Mr. and Mrs. Morehead, Sr. on the tract of 118 acres was dated September 21, 1949, and appeared filed for record at 8 A. M. on October 1, 1949. The deed from J. P. Morehead, Sr. to J. P. Morehead, Jr. conveying the tract of 79 acres appears to have been witnessed by George Earl Parkman on December 6, 1952, on which date he executed an acknowledgment as a witness to the deed. This deed appeared filed for record on December 15, 1952.

Mr. Morehead, Sr. died intestate on March 20, 1952. In February, 1953, Mrs. Morehead, Sr. executed a deed to her son, J. P. Morehead, Jr. conveying to him by warranty deed the aforesaid tract of 79 acres.

The bill alleged the aforesaid conveyances and the agreement for the exchange of lands. It was further alleged in the bill that since the deed from J. P. Morehead, Sr. to J. P. Morehead, Jr. conveying the tract of 79 acres was never joined in by the grantor's wife, the same was void and constituted a failure of consideration for the aforesaid deed from J. P. Morehead, Jr. and his wife to J. P. Morehead, Sr. conveying the tract of 118 acres. It was prayed that these two deeds be cancelled, one upon the ground that the land conveyed was a homestead and the grantor's wife failed to join therein, and the other upon the ground that it was void for a failure of consideration. It was prayed in the alternative that if these two deeds did not pass title that they be cancelled and that the status quo be restored between the parties, and offer was made in the bill by J. P. Morehead, Jr. to meet the notes evidencing the balance of the original purchase price. There was a prayer for general relief.

The defendants answered, denying the aforesaid agreement for the exchange of lands, and asserting the validity of the aforesaid deed executed by J. P. Morehead, Jr. and his wife to J. P. Morehead, Sr., dated August 25, 1949, and conveying the tract of 118 acres. The defendants made their answer a cross-bill, seeking to have confirmed in the heirs of J. P. Morehead, Sr. the title to the entire tract of 118 acres, free of any claim of the appellees except as to such interest as the appellee, J. P. Morehead, Jr., may have inherited from his father.

The chancellor entered a decree cancelling the aforesaid deed from J. P. Morehead, Jr. and his wife to J. P. Morehead, Sr., dated August 25, 1949, and the aforesaid deed signed by J. P. Morehead, Sr. to J. P. Morehead, Jr. dated August 26, 1949, and confirming title in J. P. Morehead, Jr. to the tract of 118 acres, subject to a vendor's lien for the unpaid purchase money, and subject to the aforesaid oil, gas and mineral lease executed by Mr. and Mrs. Morehead, Sr., and sub-

ject to a life estate in Mrs. Morehead. The appellants, A. G. Morehead and Mrs. Lollie Morehead Risher, prosecute this appeal. There is no appeal by Mrs. Anna Vaughn Morehead, who, in the meantime, had conveyed by warranty deed to J. P. Morehead, Jr. the aforesaid tract of 79 acres.

The appellants contend, first, that the trial court erred in admitting over their objection evidence of the agreement between J. P. Morehead, Sr. and J. P. Morehead, Jr. for the exchange of lands, and, second, that the deed executed by J. P. Morehead, Jr. and his wife to J. P. Morehead, Sr. dated August 25, 1949, conveying the tract of 118 acres, was a valid conveyance and cannot be set aside at the instance of the grantors, even though it was without consideration, and, third, that the decree of the trial court does not conform to the pleadings.

 It is urged by the appellants that the chancellor in admitting proof of the agreement for the exchange of lands erroneously permitted the appellees to introduce evidence of a different consideration from that recited in the conveyance from appellees to J. P. Morehead, Sr. dated August 25, 1949. We do not think that the evidence objected to showed a consideration different from that recited in the conveyance. The conveyance recited a consideration of ''$500, and other valuable considerations.'' The evidence showed not a different consideration but the true consideration, and such evidence was, in our opinion, competent as against the objection made by the appellants. The true consideration for a conveyance may be shown by parol. Raleigh State Bank v. Williams, 150 Miss. 766, 117 So. 365. In the case of Haden v. Sims, 168 Miss. 64, 150 So. 210, we held that parol evidence is admitted to prove that ''other considerations'' are in a deed for the recited consideration of $1.00 and other considerations. We, therefore, find no error in the action of the chancellor in admitting the evidence over the objection made thereto by the appellants.

 We recognize the previous decisions of this Court, relied upon by the appellants, holding that a voluntary conveyance of land can not be vacated at the instance of the grantor upon the ground that it was without consideration and we do not depart from them. The case before us, however, is not one for the application of these decisions, but rather one for the application of well known equitable principles. The appellants, who are heirs of J. P. Morehead, Sr., are bound to the same extent as their ancestor would be bound if he were alive and asserting the right to the same type of relief as prayed for in the cross-bill. The appellants do not offer to do equity. They seek an adjudication that the conveyance from J. P. Morehead, Jr. and his wife to J. P. Morehead, Sr. is valid and effective to vest title absolute in the heirs of J. P. Morehead, Sr. to the entire tract of 118 acres without even an offer to relieve the appellees on their outstanding notes given to cover the original purchase price of the land or to return the $500 paid on the purchase price. In other words, they seek to claim all of the benefits under the agreement for the exchange of lands and at the same time repudiate its obligations. To permit such to be done would be to violate well known equitable principles.

"It is one of the oldest of equitable principles, that when a party seeks the interposition and aid of a court of chancery as against his adversary, the court in extending its aid will require as a condition thereof that the complaining party shall accord and render unto the adversary party all the equitable rights to which the latter is entitled in respect directly to the subject matter of that suit . . . ." Griffith, Mississippi Chancery Practice, 2d ed., Section 43.

 The agreement for the exchange of lands reveals the conduct of the parties and it has been stated that "a court of equity is bound to consider the conduct of the parties seeking equitable relief, even though

estoppel in pais is not specially pleaded." 10 Am. Jur., p. 836.

One cannot claim benefits under a transaction or instrument and at the same time repudiate its obligations. Wood Naval Stores Export Assn. v. Latimer, 71 So. 2d 425.

In the case of City of Natchez v. Vandervelde, et al., 31 Miss. 706, 66 Am. Dec. 581, the Court held that equity will not afford redress in a case of unconscionable advantage.

In the case of New York Life Insurance Company v. Statham, 93 U. S. 24, 25 L. Ed. 689, the Court held that equity will not lend its aid to enforce an unconscionable claim.

Applying these equitable principles to the case before us, we are of the opinion that J. P. Morehead, Sr. and likewise his heirs, should be precluded from asserting title to the entire tract of 118 acres under the aforesaid deed dated August 25, 1949, without, at the same time, recognizing the right of J. P. Morehead, Jr. to have confirmed in him the title to the tract of 79 acres originally described in the original bill.

We are of the opinion, however, that since the original bill sought the confirmation in J. P. Morehead, Jr. of title to the tract of 79 acres, the decree of the chancellor is too broad and should be modified so as to confirm in J. P. Morehead, Jr. title to the said 79 acres, subject to the aforesaid oil, gas and mineral lease executed thereon by J. P. Morehead, Sr. and his wife, and free of all claims of the appellants. The decree of the court below is accordingly so modified, and affirmed as modified.

Affirmed as modified.

*McGehee, C. J.,* and *Arrington, Ethridge,* and *Gillespie, JJ.,* concur.