[No. 37924.   Department One.   January 20, 1966.]

KENNETH MILLER, *Respondent,* v. OTHELLO PACKERS, INC., *Appellant.*[*]

*Fred Shelton,* for appellant.

*Caw & Caw,* for respondent.

PER CURIAM.—This is merely another factual appeal. We affirm the trial court on the authority of *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

The foregoing is about all that really needs to be said in deciding this case. We expand it in deference to the very earnest insistence in the appellant's brief that the trial court abrogated a contract between the parties and permitted a recovery on a basis never contemplated by them.

[*]Reported in 410 P.2d 33.

There was a contract between the plaintiff, herein called the grower, and the defendant, herein called the processor, whereby the former was to plant and grow a crop of lima beans and the latter was to harvest the crop and process it by freezing. Payment was to be made on the basis of the tonnage and grading as determined by the processor as the beans went through its plant.

The grower was not satisfied with the returns of $1,462.73 ($2,107.23 less $644.50 for seed, conceded to be due the processor), tendered to him by the processor and brought an action for the reasonable value of his bean crop, alleging that the processor had failed to properly perform his contract.

The trial court gave the grower judgment for the value of his crop in the sum of $3,730.50 ($4,375.00 less $644.50 for seed, conceded to be due the processor), finding that the method of sampling and grading used by the processor and the records obtained therefrom were unreliable.

The processor, in its brief, asks: What good is a contract if the grower can ignore his contract and demand and receive more than his bargain provides for?

█ The fact that the parties had a contract does not prevent the decisive issue from being entirely factual.

It seems to us that the question for decision was whether the processor performed under the contract so ineptly, so inefficiently, and so negligently that its sampling and grading, and its record keeping in connection therewith, could not be accepted as a standard for determining the compensation due the grower under the contract.

The processor was compelled to concede that its harvesting procedures were so inefficient that it left three truckloads of bean vines in the grower's field.

The trial court found that the harvesting was done at the wrong time and the crop produced less than it should have. We have disregarded this finding because it was not material to the controversy—the contract providing that the processor

[D]oes not guarantee selection of most desirable time for maximum return of grade or tonnage and is obligated

only to schedule crops in good faith for efficient harvesting and handling of the crop contracted hereby and by other similar contracts with other growers.

There was nothing to indicate that the processor acted other than in good faith as to the time selected for the harvesting of the grower's bean crop.

However, when the trial court found that the processor's sampling and grading processes were unreliable (and that finding was supported by substantial evidence), the basis of compensation under the contract was destroyed. There is an implied covenant of good faith and fair dealing in every contract, a covenant or implied obligation by each party to cooperate with the other so that he may obtain the full benefit of performance. *Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Union Local 584*, 222 F. Supp. 125, 130 (1963). See also 17 Am. Jur. 2d *Contracts* § 371 p. 814; 17A C.J.S. *Contracts* § 328 pp. 282-86. For a Washington case holding a food processor liable to a grower for mismanagement, see *Ball v. Stokely Foods, Inc.*, 37 Wn.2d 79, 221 P.2d 832 (1950).

The trial court properly accepted the testimony of witnesses it found to be reliable, as to the value of the grower's crop at the time the processor commenced to harvest the crop, as the only fair measure of value under the circumstances.

The judgment is affirmed.