437 P.2d 959

**Lloyd W. GOLDER, Jr., and Esther B. Golder, husband and wife, Appellants,**

**v.**

**Millard CRAIN, Sr., Appellee.**

**No. 2 CA–CIV 430.**

Court of Appeals of Arizona.

Feb. 27, 1968.

R. Lamar Couser, Tucson, for appellants.

John M. Williams, Douglas, for appellee.

MOLLOY, Judge.

This appeal from a summary judgment questions the definiteness and certainty of a contract for the sale of real property wherein the purchaser was denominated in one portion of the contract as "M. Crain, Sr. and or nominee."[1] It is the purchaser's contention that this designation rendered the contract so "indefinite, uncertain and unilateral" as to be unenforceable by specific performance.

The contract provided for a purchase price of $24,000 with $500 paid when the contract was signed and $4500 to be paid at time of closing of the sale. The balance of the purchase price was to be paid:

"* * * by *Buyer* executing to & with the Seller a Note secured by a 1st Realty Mtg. covering the above described property and payable at not less than $1,900.00 plus 6% interest per annum." (Emphasis added)

The contract further provided that:

"* * * the *Buyer* here-in shall pay in addition to the $24,000.00 for the costs in full in cash for drilling and casing of the well to a depth of 600 feet on said property, this to be paid at close of Escrow into Escrow to Sellers here-in." (Emphasis added)

In support of their motion for summary judgment, the sellers submitted an affidavit to the effect they had drilled and cased the well contemplated by the contract at a cost of $6,750. The purchaser's motion for summary judgment was granted in the lower court and the sellers' motion for summary judgment was denied. There were no affidavits submitted purporting to give any of the circumstances surrounding the inception of this contract.

It is the law of this jurisdiction that in order to compel by specific performance the sale of real property, the contract of sale must be definite and certain. Suttle v. Seely, 94 Ariz. 161, 382 P.2d 570 (1963); Colmenero Canal Co. v. Babers, 80 Ariz. 339, 297 P.2d 927 (1956). Appellee argued below, and reaffirms here, that the contract before us is not definite and certain with respect to the identity of the purchaser. Ap-

---

1. The place where the purchaser is so designated is at the commencement of the contract in that portion acknowledging receipt of the earnest money:

"DEPOSIT RECEIPT AND AGREEMENT

"$500.00                                      Tucson, Arizona, April 15, 1966

"RECEIVED OF

Purchaser,

M. CRAIN SR. and or Nominee

"the sum of five hundred and no/100_____Dollars, * * *."

pellee refers us to Handy v. Gordon, Cal. App., 52 Cal.Rptr. 385 (1966), to support this position.

In *Handy*, the purchaser sought to compel the seller to specifically perform a contract for the sale of some 320 acres of real property for $1,200,000, of which $100 was paid in earnest money. A trust deed was to secure a long-term note for the balance of $1,200,000. The purchaser was denominated "C. Jon Handy, or Nominee." The court found the purchaser's credit to be a " * * * most important factor" (52 Cal. Rptr. at 391), and financial arrangements to be " * * * aggravated * * * " (52 Cal.Rptr. at 392). The California court held the contract to be " * * * indefinite, uncertain and unilateral, and incapable of enforcement" (52 Cal.Rptr. at 392). The court reasoned that under the contract the buyer could nominate anyone, even an impecunious person, to perform. *Handy* sees nothing wrong with the decision of San Francisco Hotel Co. v. Baior, 189 Cal. App.2d 206, 11 Cal.Rptr. 32 (1961), in which a contract of sale was specifically enforced in favor of a buyer designated as "Fred Whitman or nominee." *Handy* distinguishes the case on the basis that the purchase price in *San Francisco Hotel Co.* was to be paid in cash (52 Cal.Rptr. at 391).

■ The result reached in *Handy* is readily defensible on the grounds of unconscionability.[2] Cf. Bernath v. Wilson, 149 Cal.App.2d 831, 309 P.2d 87 (1957); Fishman v. Thompson, 181 So.2d 604 (Fla.App. 1965); Morehead v. Morehead, 222 Miss. 161, 75 So.2d 453 (1954); Fey v. A. A. Oil Corp., 129 Mont. 300, 285 P.2d 578 (1955); Cooper v. Gregory, 191 Va. 24, 60 S.E.2d 50 (1950). See also 4 Pomeroy's Equity Jurisprudence § 1405(a) (5th ed. Symons 1941) and Ensign v. Bohn, 1 Ariz.App. 386, 403 P.2d 321 (1965). However, we do not agree with the *Handy* decision when it reasons

that a contract of sale providing for payment of the purchase price partly in cash and partly over a period of years is critically more "uncertain" than one in which the purchase price is promised to be all paid at time of closing. Both such contracts require the payment of money in the future. That the one requires only one payment while another might call for eleven future payments (as does the contract here), does not, in our opinion, necessarily create a critical difference in degree of certainty.

■ Implied terms are as much a part of a contract as those which are expressed. Zancanaro v. Cross, 85 Ariz. 394, 339 P.2d 746 (1959). The intent of the parties is to be gleaned from the words of the contract. See Hamberlin v. Townsend, 76 Ariz. 191, 261 P.2d 1003 (1953). The pertinent provision of the contract is as follows:

*"The undersigned purchaser hereby agrees to purchase the above described property at the price and under the terms and conditions herein set forth.* Agent is hereby given .......... days to obtain the seller's acceptance hereof during which period this offer is irrevocable and upon such acceptance this instrument becomes a binding contract on the purchaser's part. *In the event of any default on the purchaser's part,* all sums paid by the purchaser shall be forfeited as liquidated damages or, at seller's option, *this agreement may be enforced by specific performance* or other appropriate remedy."

(Emphasis added)

■ It could not be more clear that the parties intended the buyer be bound by this agreement, and that, at the least, the buyer was agreeing that *either* he *or* his nominee would perform. Cf. M. DeMatteo Construction Co. v. Daggett, 341 Mass. 252, 168 N.E.2d 276, 283 (1960). Generally, that a promisor has an option in the manner of

---

**2.** As this opinion was being released, it has come to our attention that the *Handy* opinion was vacated by the Supreme Court of California, Handy v. Gordon, 65 Cal.2d 578, 55 Cal.Rptr.

769, 422 P.2d 329 (1967), and the trial court's decision affirmed on the basis that the contract was not " 'just and reasonable' " (55 Cal.Rptr. at 772, 422 P.2d at 332).

performance does not render a contract illusory, provided all options impose a reasonably certain obligation. See Williston on Contracts § 43, at 143 (Jaeger 3d ed. 1957) ; and Restatement of Contracts § 79, at 88. The equitable powers of the court have sufficient flexibility to order specific performance against a promisor who can elect between alternative performances. Greenleaf v. Blakeman, 40 App.Div. 371, 58 N.Y.S. 76 (1899) ; Restatement of Contracts § 370, Comment d, at 674.

■ Moreover, without any of the circumstances surrounding the inception of this contract being properly developed, we believe it was error to rule as a matter of law that the words "and or nominee," in that portion of this contract indicating the receipt of the down deposit, relieved the buyer of all personal obligation on this contract in the event a "nominee" were designated. Other provisions of this contract, quoted supra, categorically impose obligations upon "Buyer." The contract is signed by "Millard Crain, Sr." as purchaser without qualification. The contract provides that it may be specifically enforced by the seller. We hold the contract is sufficiently ambiguous so that a trial court must look at the circumstances surrounding the inception of this contract before giving it construction. Arizona Land Title & Trust Co. v. Safeway Stores, Inc., 6 Ariz.App. 52, 429 P.2d 686 (1967) ; and compare Berger v. Paalzow, 40 Tenn.App. 153, 289 S.W.2d 861 (1956). It is very possible that when this verbiage is so considered it may become evident that, within the contemplation of the parties, the words "and or nominee" were "merely surplusage," as held in San Francisco Hotel Co. v. Baior, 189 Cal.App.2d 206, 213, 11 Cal.Rptr. 32, 36 (1961), or merely an indication that Crain was acting for an undisclosed principal, in which event he would be personally obligated on the contract. Restatement (Second) of Agency §§ 321, 322; and see Myers-Leiber Sign Co. v. Weirich, 2 Ariz.App. 534, 410 P.2d 491 (1966).

The judgment is reversed with instructions to conduct further proceedings not inconsistent herewith.

HATHAWAY, C. J., and KRUCKER, J., concur.