Curia, per O’Neall, J.
In this case the only question which deserves consideration is, whether the Judge below was right in telling the jury that they might adopt as the true location of the “square acre, containing the family graveyard,” “that which had been fixed by Altman and Mixon, before the former conveyed to the latter.”
That he was, will require but a few words from me to show. There is nothing in the deed which defines the precise spot by lines and boundaries. No one would doubt that *212 after the deed was executed, the parties might mark it out, an¿ jf p should happen to be a few feet longer or not exactly square, it would not be in the power of either to alter it. If ¿|one before the deed, the same result would seem to follow. Perhaps in this point of view, the case would stand upon stronger grounds. For the rule that a deed or any other instrument, when depending upon extrinsic facts for its construction, should be construed by or according to its subject matter, would properly apply. Here the question is, what square acre is meant? It is to contain the, family graveyard, is the only answer of the deed. Whether that is to be in the centre, or on one side, or at one end, is unascertained by the deed. If the parties fixed the location, by marking the lines and calling it a square acre, we do no violence to the words of the deed or any rule of construction, when we construe the deed to mean this precise square acre, thus marked out and ascertained, as the subject matter of the exception.
It is true, a deed is to be construed generally against the grantor, and, therefore, the exception carried out in his favor, is to receive no larger construction than the words will naturally import. But here the words are susceptible of the construction put upon them, because, by the parties’s measurement, this was a square acre. It is true, by mathematical rule, it afterwards turns out to be not exactly correct. The location made by the parties may be regarded as a square acre, and as thus coming within the words used, and, therefore, within the meaning of the grantor or grantee. When we ascertain thus the intent, the rule that the deed should be construed most strongly against the grantor, is subordinate to that.
The motion is dismissed.
Richardson, Evans and Frost, JJ. concurred.

Motion refused.