297 P.2d 927

**The COLMENERO CANAL COMPANY, T. J. Price and Carl Matthews, Appellants,**

v.

**Ben BABERS, Appellee.**

No. 6112.

Supreme Court of Arizona.

May 29, 1956.

Garland & Sanders, Las Cruces, N. M., for appellants.

Peterson & Richardson, Safford, for appellee.

WINDES, Justice.

J. C. Kimmel and his wife in March, 1951, entered into a contract with the Colmenero

Canal Company wherein they sold to the company an irrigation well and pump. The Kimmels sued the canal company seeking to cancel the agreement. The company counterclaimed seeking judgment requiring specific performance of the contract. This litigation resulted in a decree requiring that the contract be specifically performed. Thereafter, the Kimmels sold their property and interest in the contract to Ben Babers. The litigation that gave birth to this appeal was initiated by Babers against the canal company, T. J. Price, Eugene Harrington and Carl Matthews to require specific performance of the contract. The parties will be designated as they appear in the trial court. Judgment was rendered by the trial court requiring defendants to specifically perform the contract.

The particular paragraph which caused the dispute between the parties reads as follows:

"First Party [plaintiff herein] reserves and the Second Party [defendant herein] grants that First Party shall have a maximum of twenty (20) hours of water each time it is the First Party's turn for the use of well water and First Party agrees to pay the assessment for the use of water for whatever amount he uses up to twenty (20) hours."

At the time the contract was executed, water was being issued to each water user on the basis of thirty minutes per acre per turn. For nearly three years after the execution of the contract, water was issued on this basis to each water user except the Kimmels and the plaintiff since his purchase of their interest. During this period they were given, as the contract provides, a maximum of twenty hours per turn. In 1954 the directors of the canal company passed a resolution to the effect that all other water users would receive the water for one hour per acre per turn and the plaintiff would continue to receive a maximum of twenty hours per turn. The court's judgment particularly required defendants to specifically follow and enforce the foregoing provision of the contract by distributing water from the Kimmel well on the basis of thirty minutes per acre per turn to all users other than the plaintiff and distributing to plaintiff a maximum of twenty hours per turn.

The effect of changing the run from thirty minutes per acre to one hour per acre was to reduce by one-half the number of times the plaintiff could use the water from the well, thereby reducing the amount of water he was receiving from the inception of the contract to the time of the change in time of turn.

There are five assignments of error with identical questions applicable to most of them. Rather than set forth the respective assignments, we will approach the problem merely on the basis of the questions presented. The entire dispute revolves around that portion of the contract

wherein it is agreed that the plaintiff shall have a maximum of twenty hours of water each time it is his turn to use the water. The contract does not state how often the plaintiff shall be entitled to a turn. To this extent, the contract is indefinite.

The trial court received evidence of the condition and situation of the parties at the time the contract was executed and of some conversations tending to show what the parties intended with respect to when plaintiff's turn to the use of water should occur. This evidence showed that at the time of the execution of the contract and for about three years thereafter, plaintiff's turn arrived each time the other users received water on the basis of thirty minutes per acre per turn. The court likewise received testimony concerning a conversation leading up to the completion of the contract to the effect that when it was suggested the thirty minutes was to be changed to one hour, Kimmel, predecessor in interest to plaintiff, refused to negotiate on this basis.

Defendants contend the court should not have received this evidence for the reason that there is nothing ambiguous concerning the provisions of the contract, and that at most there is an omission which the court cannot supply because it thereby would be making a contract for the parties. Certainly, the parties intended that the plaintiff's predecessor in interest should receive some reasonably definite amount of water. It is hardly conceivable that Kim-mel would sell his water supply with the understanding that he continue to receive twenty hours of water at such times only as the purchaser should designate. The reasonable conclusion is that his twenty-hour run should be measured by something other than the dictates of the defendants. It is merely a question of determining what the parties meant when they used the phrase "each time it is First Party's turn".

This language should be viewed from the standpoint of the parties who used it and the purpose they intended to accomplish. The court is entitled to place itself in the situation of the parties when the contract was made and judge the correct application of the language used. Kirchoff v. Cummard, 26 Ariz. 512, 226 P. 1092; Coe v. Winchester, 43 Ariz. 500, 33 P.2d 286; Crone v. Amado, 69 Ariz. 389, 214 P.2d 518. If the meaning and application of the language be not what the trial court adopted, it would mean that the defendants could at their whim change the conditions under which the contract was made and thereby deprive plaintiff of valuable rights under the contract. We do not believe any such result was intended.

The defendants say that if the contract is indefinite and uncertain, equity cannot decree its specific performance. Unquestionably, it is the rule that if a contract is so indefinite and uncertain that the court cannot with reasonable certainty determine what the parties intended, it will not decree specific performance; but it is also

the rule that when by legally admissible evidence a contract can be made certain, the court may decree its performance. 49 Am.Jur., Specific Performance, section 23; In re Gary's Estate, 69 Ariz. 228, 211 P.2d 815. The court had the right to receive the evidence concerning the conditions existing at the time the contract was executed and the oral evidence showing the intention of the parties with respect to when plaintiff's turn to use the water should occur. The terms of the contract are thus rendered sufficiently definite to warrant a decree of specific performance.

■ It is suggested that the plaintiff is estopped from seeking this relief because Kimmel before selling his interest in the contract to plaintiff sued the canal company for cancellation of the contract and on a counterclaim for specific performance, the court rendered judgment requiring Kimmel to perform the same. There is no possible merit to this contention. The questions herein did not exist at the time of that litigation and could not have been raised and determined therein.

■ Defendants contend that plaintiff is not the real party at interest and therefore has no standing in court. In support of this contention it is stated in the brief that Kimmel is the owner of the entire interest in the contract, both legal and equitable. The evidence does not support this contention. Oral testimony which is not questioned here is to the effect that plaintiff by contract had purchased the Kimmels' land and rights under this contract. Plaintiff is the real party in interest.

■ Defendants claim the court erred because to require the defendants to specifically perform the contract would work a hardship upon them and the stockholders of the company. We can hardly take this suggestion seriously when for a number of years they have been performing the contract exactly as the court now decrees. Other questions raised by defendants are without merit.

The judgment is affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.