412 P.2d 705

Milo LeBARON et al., Appellants,

v.

William A. CRISMON, Administrator of the Estate of George E. Crismon, deceased, Appellee.

No. 7765.

Supreme Court of Arizona.

In Division.

March 30, 1966.

Rehearing Denied April 26, 1966.

Rhodes, Killian & Legg and John G. Hough, Mesa, for appellants.

'Laney & Laney, Phoenix, for appellee.

BERNSTEIN, Vice Chief Justice.

Appellants, hereinafter called plaintiffs, appeal from a judgment in favor of appellee, hereinafter called defendant, entered by the Maricopa County Superior Court sitting without a jury. Defendant died while the appeal was pending and his Administrator was substituted as appellee, hereinafter called defendant, pursuant to Rule 73(t), Rules of Civil Procedure, 16 A.R.S.

Plaintiffs brought suit to specifically enforce an agreement entered into by the parties whereby defendant was to convey a parcel of land in Mesa, Arizona. The trial court heard testimony, then entered judgment together with a memorandum in which the court stated that the various agreements entered into by the parties were sufficient to remove the problem of the parol evidence rule and that the price, terms

and security were clear. However, the court stated it could not determine the precise land area to be conveyed and found it was impossible to say with any degree of certainty what the parties actually had in their minds at the time the written instruments were prepared.

Defendant originally owned nine acres of land and, before negotiating with plaintiffs, sold approximately one-third of the south end of his land. Defendant then executed a purchase contract with plaintiffs to sell to them a little less than two-thirds of his remaining land. In this original contract the description of the land to be conveyed was as follows:

"A piece 402′ x 411′ situated 293′ N. of the South line of nine acres owned by Geo. E. Crimson. *With a 60′ roadway on North and South line running in from the South Country Club Dr. One to be Third Ave., the other to be Second Ave.* Deeds to this property to be furnished the City of Mesa by the seller herein." (Emphasis added.)

There is no dispute as to the original south line of defendant's land. Therefore, the south line of the property to be conveyed is definitely fixed by the contract.

The defendant thereafter signed escrow instructions which described the property to be conveyed as follows:

"The North 400 feet, more or less, of the South 704 feet of the following described property: That part of the SE¼ Sec. 21, T 1 N, R 5 E, described as follows:

Beginning at a point 447.18 feet East of the NW corner of SE¼ SE¼, said Sec. 21; thence North 88 degrees 57′ 30″ East 402.00 feet; thence South 987.68 feet; thence North 89 degrees 56′ West 401.93 feet; thence North 979.48 feet to the point of beginning. *The North line of this property is to be the South line of the extension westward of the present 2nd Ave. to the east of the property in question.*" (Emphasis added.)

The north line of the property to be conveyed is definitely fixed by the escrow instructions and the east and west boundaries are not disputed.

 The court should decree specific performance of an agreement for the sale of land if the agreement is in writing signed by the party to be charged and is definite in its terms. Suttle v. Seely, 94 Ariz. 161, 382 P.2d 570; Colmenero Canal Company v. Babers, 80 Ariz. 339, 297 P.2d 927. This court has held that the agreement need not be contained in one paper but may be in several so long as they can be identified with reasonable certainty. Carley v. Lee, 58 Ariz. 268, 119 P.2d 236. An interpretation of the instruments is a question of law to be determined by this court independent of the trial court's findings. Daily Mines Co. v. Control Mines, Inc., 59 Ariz. 138, 124 P.2d 324.

■ Defendant contends the instruments are ambiguous and that the parties did not come to a meeting of the minds concerning the parcel of land to be conveyed, and further contends an ambiguity arises from the fact that the exact location of the westward extension of Second Avenue is not fixed in the instruments. The question before this court is whether there is an ambiguity which will justify the admission of parol evidence to vary the definite and clear property description contained in the instruments. We think not. In the case of McNeil v. Attaway, 87 Ariz. 103, 348 P.2d 301 this court said:

"The description in a deed of the property conveyed thereby is considered ambiguous and subject to construction only if it is not possible to relate the description to the land without inconsistency." 87 Ariz. at 109, 348 P.2d at 305.

■ There is no inconsistency on the face of the instruments and the description can be related to the land. Therefore, parol evidence should not have been admitted. "Extrinsic evidence is admitted to resolve ambiguities, not to create them." McNeil v. Attaway, supra, 87 Ariz. at p. 109, 348 P.2d at p. 305.

The existing Second Avenue is 132 feet wide but the purchase contract entered into between the parties provides that the extension westward of Second Avenue is to be 60 feet wide. Obviously, the exact north-south location of the portion of Second Avenue from which the 60 feet extension will be continued affects the north boundary of the property to be conveyed.

The defendant interprets the instruments to mean that the existing south line of Second Avenue is to be the south line of the extension. To do so will create an irreconcilable conflict with the footage description contained in the instruments. Plaintiffs interpret the instruments to mean that the existing centerline of Second Avenue is to be the centerline of the extension. In that event, the south line of the extension coincides with the footage description contained in both instruments.

■ It is the duty of the court to adopt a reasonable interpretation of a contract which will harmonize all of its provisions and any conflicting provisions on the face of the instrument must be reconciled if possible to meet the purposes for which the contract was intended. Smith Stage Co. v. Eckert, 21 Ariz. 28, 184 P. 1001, 7 A.L.R. 995; Employer's Liability Assurance Corporation v. Lunt, 82 Ariz. 320, 313 P.2d 393.

■ If we were to accept defendant's contentions the agreement is nevertheless specifically enforceable. The specific description in feet and degrees must control over the general reference to the location of a boundary. Marshall v. Patzman, 81 Ariz. 367, 306 P.2d 287; Jamison v. Franklin Life Ins. Co., 60 Ariz. 308, 136 P.2d 265.

Defendant further contends that the release clause contained in the escrow instructions was an agreement to contract in the future and not subject to specific performance. It stated:

"Mortgage is to contain release clause to the effect that seller will release to buyers one acre parcels running the full width east and west of the property, starting from the South and running North, in consideration of a $5,000.00 cash payment made IN ADDITION to the regular annual installments, upon request of the buyers. Exact wording for this release clause is to be prepared by an attorney and approved by sellers and buyers."

In the proposed mortgage prepared by the Title Company, the only item which differed from the above terms was the following:

"provided, however, that the Mortgagors are not then in default under the terms of this Mortgage or the Note secured hereby."

The additional language actually benefitted defendant. We think the language of the release clause contained in the escrow instructions is sufficient to create a binding obligation between the parties. Cf. Young v. Bishop, 88 Ariz. 140, 353 P.2d 1017; Bradley v. Industrial Commission, 51 Ariz. 291, 76 P.2d 745.

Defendant further argues that the agreement is unenforceable because certain terms were left to be settled in the future, the contract was altered after defendant signed it, one of the plaintiffs is a real estate agent and must prove the contract is fair to the seller, the contract must be construed most strongly against the person who prepared it, one of the plaintiffs was engaged in the unlawful practice of law, and payment terms were not clearly stated. We have considered these contentions and find them to be without merit.

Defendant signed the purchase contract and escrow instructions and is bound by his agreement.

The judgment is reversed and the case remanded to the trial court for proceedings consistent with this opinion.

STRUCKMEYER, C. J., and McFAR-LAND, J., concurring.