20193

Janice B. KIRVEN, Respondent, v. Dan B. BARTELL, Appellant.
(223 S. E. (2d) 597)

*Messrs. Jackson & Bell,* of Florence, *for Appellant,*

*Messrs. Kirven & Strobel,* of Florence, *for Respondent,*

March 29, 1976.

GREGORY, Justice.

The single issue presented in this appeal is the legal effect to be given the words "more or less" when used in a deed in connection with a call of distance with no other controlling guides. The call at issue specified the distance of the tract from the public road. We reverse the holding of the lower court which construed the term "700 feet, more or less" to encompass 1110 feet or more.

Appellant purchased the following tract of land at a mortgage foreclosure sale:

"All that certain piece, parcel or tract of land containing an eight (8) acre tract, beginning at a point 700 feet, more or less, from the public road as shown on the above designated plat and having a frontage of 425 feet, being in depth 820 feet, and bounded as follows: North by property now or formerly of N. B. Finklea; East, South and West by the remainder of the property described above. The eight (8) acre tract being shown on a sketch thereof dated April 6, 1971, and designated as 'Homestead'."

This eight (8) acre tract was carved out of a tract originally containing eighty and six-tenths (80.6) acres. The eighty and six-tenths (80.6) acre tract of land was initially owned by John R. Gregg who sold it to William P. Miller. Simultaneous to this conveyance Mr. Gregg took back a purchase money mortgage but excepted the eight (8) acre tract in question to enable Mr. Miller to secure financing to build a home. Mr. Miller defaulted on mortgages on both pieces of property and Mr. Gregg, the mortgagee, bid in the larger tract at the foreclosure sale. He subsequently assigned his bid to Mr. Kirven who thereafter conveyed to Mrs. Kir-

ven, the respondent. (At the same foreclosure sale appellant purchased the eight (8) acre tract.)

Mr. Gregg testified that he and Mr. Miller agreed that the excepted eight (8) acre tract would be situated in such a manner that four acres would be in newly cleared farm land and four acres in old cleared land. Mr. Gregg in instructing his attorney to prepare the purchase money mortgage described the tract to be excepted as beginning about 700 feet from the road. He testified he never had it surveyed and was making only an approximation. This description was used in the purchase money mortgage, the foreclosure proceedings, Notice of Sale, and the Master's deeds to both the larger tract and the eight (8) acre tract.

It is the position of respondent and the lower court that the term "more or less" as it appears in both deeds put all parties on notice that the call was an approximation of distance necessitating further inquiry as to exact location. Respondent offered testimony to show that Mr. Kirven made such inquiry and was informed by his assignor, Mr. Gregg, that the excepted eight (8) acre tract was positioned at least another 300 or 400 feet from the road, so that the call "700 feet, more or less" in reality was 1,000 feet or more.

The lower court cited *Brownlee v. Miller,* 208 S. C. 252, 37 S. E. (2d) 658 (1946), for the proposition that a description is sufficient if it enables a person of ordinary prudence acting in good faith and making inquiries suggested by the description to identify the land. In *Brownlee, supra,* there was a latent ambiguity in that the deed described the tract as containing "225 acres, more or less" whereas the actual acreage computed after a survey of the described boundaries was much in excess of 225 acres. The court rested its holding in *Brownlee* on the elementary proposition that where land is sold by boundaries, acreage is governed by the boundaries and inaccuracies relating to the area are immaterial.

In the instant case there is no such ambiguity. There is no discrepancy with actual acreage and that described in the deed. The only question here is the distance of the eight (8) acre tract from the road when the deed calls for "700 feet, more or less".

The lower court put much emphasis in ascertaining the intention of the grantor, Mr. Gregg, who testified that he intended the eight (8) acre tract to be situated so that one-half would be in newly cleared farm land and one-half would be in the old cleared farm land. For the eight (8) acre tract to conform to this location it would necessitate the tract beginning at least 1110 feet instead of 700 feet from the road.

Where the description on a deed can be related to the land, parole evidence is inadmissible since extrinsic evidence is to be admitted to resolve ambiguities, not create them. *Le Baron v. Crimson,* 100 Ariz. 206, 412 P. (2d) 705 (1966). In the instant case the description can be applied to the land with no discrepancies or inconsistencies. There is no ambiguity, patent or latent, in the instant deeds so that the description contained therein is to be taken as conclusive evidence of the intention of the parties.

The words "more or less" when used in connection with quantity or distance, are words of safety and caution, intended to cover some slight or unimportant inaccuracy; and while enabling an adjustment to the imperative demands of fixed monuments and boundaries, they do not weaken or destroy indications of distance and quantity when no other guides are furnished. *Oakes v. DeLancey,* 133 N. Y. 227, 30 N. E. 974, 975, 28 Am. St. Rep. 628 (1892); *Parrow v. Prolx,* 111 Vt. 274, 15 A. (2d) 835, 838 (1940).

In Am. Jur. (2d) we find the following, directly applicable quote:

"a line called in a grant '50 feet more or less' must be taken to be of the length stated unless the distance is con-

trolled by other calls, and it may be stated as a general rule in measuring distances, that words of qualification such as 'about' a given distance should be disregarded and the exact distance adopted. Thus the words 'about', 'approximately' and 'more or less' in connection with courses and distances, may be disregarded if not controlled or explained by monuments, boundaries and other expressions of intention . . ." 12 Am. Jur. (2d) Boundaries, § 57 at 596-597.

In the instant case there are no other controlling monuments and hence "more or less" should be discarded. Appellant is a bona fide purchaser for value without knowledge of any description of the property purchased except as contained in the deed. He investigated the land and found no discrepancies in the description. The record shows that there are no physical features of the land which would put him on notice that the tract was to start anywhere but 700 feet from the road.

If he assumed any risk under such a description it was not one which put him back from the road another 410 feet or more, over half the original distance called for in the deed.

We hold that the deed description at issue does not put the purchaser on inquiry notice of unrecorded agreements of predecessors in interest substantially varying the legal description of the deed. No possible title examination or examination of the public records could have disclosed the subjective intentions of the original grantor and grantee of the eight (8) acre tract; neither an inspection of the land nor anything in the foreclosure proceedings indicate the eight (8) acre tract was to be located anywhere other than 700 feet from the road.

For the foregoing reasons, the words "more or less" should be discarded and the distance from the road taken as called.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.