0889

William F. BELLAMY and Dorothy Bellamy, Respondents v.
John D. BELLAMY, Appellant.

(355 S. E. (2d) 1)

Court of Appeals

*David R. Gravely* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for appellant.*

*John R. Clarke* and *Steven H. John,* North Myrtle Beach, *for respondents.*

Submitted Dec. 15, 1986.

Decided March 2, 1987.

GARDNER, Judge:

William F. Bellamy (William) and Dorothy Bellamy (Dorothy) brought this declaratory action against John D. Bellamy (John) for the purpose of establishing a boundary line by reforming a deed from William to John. The case was referred with finality to the Master-In-Equity; upon trial the Master issued his order reforming the deed in the details hereinafter set forth. We reverse and remand.

On October 7, 1948, William conveyed to John the subject property; the first paragraph of the deed description is as follows:

> All and singular that certain piece, Parcel or tract of land, situate, lying and being in Little River Township, State and County aforesaid and being designated as Parcel "D" on a survey and plat of 4 Parcels of land in Little River Township, made by I. B. Cox, surveyor, and dated June 24, 1947. Said Parcel "D" being in shape of a parallelogram all four sides measuring 100 feet each and being more particularly bounded and described as follows:

For the reader's understanding, we digress at this point to reproduce in reduced size the Cox plat.

(See plat on next page)

The remaining part of the description is simply a courses and distances description followed by the words "bounded North by H. P. Bellamy, East by Parcel "C"; South by U.S. Highway #17; West by H. P. Bellamy, *as reference to above mentioned plat will fully show.*" (Emphasis ours.)

William's contention is that his father conveyed him the subject property in 1946 and 1947 and it was his father's intent that the subject property be abutted by tract A as shown on the Cox plat. William testified over objection that his father intended to consummate the conveyances referred to in the legend of the Cox plat but that these conveyances were not consummated and as a result of this failure to

consummate the proposed transactions, William Bellamy's father, H. P. Bellamy, intended and did convey his property abutting tract A rather than property separated from tract A by tract C shown on the Cox plat. William then argues that it was his father's intent to convey him property abutting tract A, and also that it was his intent to convey John Bellamy property abutting tract A and not separated by tract C. The Master erroneously, we hold, allowed into evidence extrinsic evidence to show the alleged intent of H. P. Bellamy and William in making the pertinent conveyances. Based upon this extrinsic evidence, the Master reformed the deed from William to John by moving the eastern boundary of the subject property so that it abutted the western boundary of tract A on the Cox plat; this we hold was error.

The sole issue of merit is whether the trial judge erred in overruling the objections to the extrinsic evidence relating to the intent of William and his father.

William did not allege or prove fraud, coercion or mutual mistake. A motion made by William's counsel to amend the complaint to allege mutual mistake was denied by the Master.

The law in this state is that the description of land conveyed in a deed can be reformed and the boundaries of the realty redrawn only where there is a latent or patent ambiguity in the description of the land conveyed or if there is a showing of mutual mistake, fraud or coercion. *Sims v. Tyler*, 276 S. C. 640, 281 S. E. (2d) 229 (1981); *Gowdy v. Kelley*, 185 S. C. 415, 194 S. E. 156 (1937); *Scates v. Henderson*, 44 S. C. 548, 22 S. E. 724 (1895); *Blanton v. Blanton*, 284 S. C. 250, 325 S. E. (2d) 340 (Ct. App. 1985).

Since the issue of fraud, coercion or mutual mistake is not before the court, the description of the land conveyed by William to John can be reformed only by a showing of a latent or patent ambiguity within the deed regarding the description of the land conveyed. Latent ambiguity and patent ambiguity have been distinguished by the following language:

> "Ambiguities, however, are patent and latent; the distinction being that in the former case the uncertainty is one which arises upon the words of the will, deed, or other instrument as looked at in themselves and before any attempt is made to apply them to the object which they describe, while in the latter case the uncertainty arises, not upon the words of the will, deed or other instrument as looked at in themselves, but upon those words when applied to the object or subject which they describe."

*Jennings v. Talbert*, 77 S. C. 454, 58 S. E. 420 (1907) as cited in *Hann v. Carolina Cas. Ins. Co.*, 252 S. C. 518, 167 S. E. (2d) 420 (1969).

At this time, we observe that where a deed describes land as it is shown on a plat, the plat becomes part of the deed for the purposes of showing the boundaries,

metes, courses and distances of the property conveyed. *Hobonny Club, Inc. v. McEachern,* 272 S. C. 392, 252 S. E. (2d) 133 (1979); 11 C.J.S. *Boundaries* Section 24 (1979).

A careful review of the record fails to disclose evidence that surveyor Cox erroneously platted the 100 x 100 foot tract shown as tract D on the Cox plat. The courses and distances and metes and bounds description precisely matches the calls drawn on the survey referenced in the deed description, and when the description is figuratively laid over the real estate, the evidence reflects that it matches the tract of land as deeded to the appellant. Since the description in the deed of the land conveyed exactly matches the realty conveyed with no discrepancy as to the location of the boundaries, and no question as to the accuracy of the survey as shown within the deed's description, there is no ambiguity within the deed, either patent or latent, of the location of the property described in the deed; and we so hold.

It is fundamental law in this state that if a deed description is unambiguous, extrinsic evidence cannot add to, subtract from, vary or explain its terms, in the absence of fraud, accident or mistake in its procurement. *Kirven v. Bartell,* 266 S. C. 385, 223 S. E. (2d) 597 (1976).

Extrinsic evidence is admissible to resolve ambiguities, not to create them where none exists. We hold that the trial court erred in allowing into evidence over objection testimony relating to subsequent plats made of the subject property and evidence of the intent of William and his father in making the conveyances referred to.

Since there was no ambiguity in the description of the realty conveyed by the deed, William's intent must be determined from within the four corners of the deed; he is deemed to have intended to convey the land so accurately and well-described within the deed. *First Carolinas Joint Stock Land Bank of Columbia v. Ford,* 177 S. C. 40, 180 S. E. 562 (1935); 23 Am. Jur. (2d) *Deeds,* Section 296 at 273 (1983).

For the reasons stated, the appealed order's reformation of the deed to change the boundaries that were clearly established within and by the deed was error and we so hold.

It follows that the appealed order is erroneous; it is hereby reversed and the case remanded for entry of judgment in favor of John Bellamy.

Reversed and remanded.

SANDERS, C. J., and SHAW, J., concur.