### 1740

LAKE VIEW ACRES DEVELOPMENT COMPANY, a South Carolina General Partnership, Appellant v. Larry H. TINDAL, Respondent.

(412 S.E. (2d) 457)

Court of Appeals

*J. Randall Davis* of *Bouknight, Nicholson, Davis, Frawley & Anderson,* Lexington, and *James B. Richardson, Jr.* of *Svalina, Richardson & Smith,* Columbia, *for appellant.*

*E. Michael Carlton,* Lexington, *for respondent.*

Heard Nov. 6, 1991.

Decided Dec. 9, 1991.

GARDNER, Judge:

This is a declaratory judgment action in which Lake View Acres Development Company (Lake View) seeks to have a deed it executed in favor of Larry H. Tindal (Tindal) construed in such a way that the boundary between its tract and the Tindal's tract is the shore line of Fort's Pond near Pelion in Lexington County. The case was tried in a non-jury term of court. The trial judge, by the appealed order, denied the relief sought by Lake View. We reverse and remand.

## ISSUE
The only issue of merit is whether the deed of Parcel A includes any land not submerged under the waters of Fort's Pond.

## FACTS
On January 23, 1984, Lake View conveyed to Tindal by general warranty deed property described as follows:

ALL that certain piece, parcel or tract of land, situate, lying and being in School District No. 1, County of Lexington, State of South Carolina, *containing 2.02 acres, more or less,* and being shown on a plat of Lake View Acres recorded in Plat Book 194-G, at page 116, as Lot 11, and Parcel "A," and having the following boundaries and measurements: On the North for a distance of 232.4 feet by lands now or formerly of Rast; on the East by high water mark of Fort's pond for a combined distance

of 174.8 feet; on the South for a distance of 248 feet by Lot 10; and on the West for a distance of 220.9 feet by Lot 12, and the right-of-way of Fort's Pond Trail.

ALSO conveyed is: ALL that certain piece, parcel or tract of land (included in the acreage reflected above) being shown and designated as Parcel A *containing 1 acre, more or less,* lying East of Lot 11 on the above referenced plat *and being under the waters of Fort's Pond* as shown on said plat. [Emphasis ours.]

A map of the area is attached to this decision. Tindal received Lot 11 and Parcel A of the subdivision.

The trial judge found that the deed was ambiguous because the plat reflected that the northern sideline of Parcel A appeared to have the same course as the northern sideline of Lot 11 but that the later verbiage limited part of or all of the land conveyed as "being under the waters of Fort's Pond. . . ."

## DISCUSSION

We hold that the language in the description of the deed under consideration, when considered as a whole, is not ambiguous. The main object in construing a deed is to ascertain the intention of the grantor from the language used in the deed. The following language is found in *Wayburn v. Smith,* 270 S.C. 38, 239 S.E. (2d) 890 (1977):

In the construction of this deed, we are guided by two settled rules of law. First, the intention of the grantor must be ascertained and effectuated, unless that intention contravenes some well settled rule of law or public policy. Secondly, in ascertaining such intention the deed must be construed as a whole, and effect given to every part thereof, if such can be done consistently with law. [Citations omitted.]

*Also see* 23 Am. Jur. (2d) *Deeds* § 222 (1983) and 26 C.J.S. *Deeds* § 83 (1956).

Since there is no ambiguity in the description of realty conveyed by the deed, the grantor's intent must be determined from within the four corners of the deed; and he is deemed to have intended to convey land which was accurately and well described within the deed. *Bellamy v. Bellamy,* 292 S.C. 107, 355 S.E. (2d) 1 (Ct. App. 1987).

When the intention of the parties is ascertained "the rule that the deed should be construed most strongly against the grantor is subordinate to that." *Altman v. McBride,* 35 S.C.L. (4 Strob.) 208, 212 (1850).

The rule that if a general description is followed by a clause summing up the intention of the parties as to the premises conveyed, such clause has a controlling effect on all prior phrases used in the description[1] is applicable to the case before us.

And then there is the fundamental and basic rule that in locating boundaries, resort is to be had first to natural landmarks, next to artificial marks, then to adjacent boundaries and last to courses and distances. *Southern Realty and Inv. Co. v. Keenan,* 99 S.C. 200, 83 S.E. 39 (1914). In this case, this fundamental and basic rule is most important because Fort's Pond is an artificial mark except that part which is the feeding branch or creek and it is a natural landmark.

And most important, "[t]he great principle which runs through them all, is, that where you cannot give effect to every part of the description, that which is more fixed and certain shall prevail over that which is less so. . . ." *Johnson v. McMillan,* 32 S.C.L. (1 Strob.) 143, 146 (1846).

Additionally, it is elementary "that boundaries govern acreage and inaccuracies relating to the area of a tract are generally immaterial if the description clearly identifies the land conveyed and its boundaries." *Brownlee v. Miller,* 208 S.C. 252, 260, 37 S.E. (2d) 658, 661 (1946).

Although the plat of Parcel A has no courses or distances, with the exception of the western boundary which is the same as the eastern boundary of Lot 11, it does identify with certainty the location of the tract conveyed as being east of Lot 11 and extending to the approximate center line of Fort's Pond. The plat reflects that Parcel A is bounded on the west by Lot 11, along which it measures a total of 170.8 feet, on the south by Parcel B as shown on said plat, on the east by the approximate center line of Fort's Pond, and on the north by lands now or formerly of Rast. Additionally, there is the clear limitation that all of the lot conveyed was at the time of the conveyance described as "being

---

[1] *See* 23 Am. Jur. (2d) *Deeds* § 298 (1983).

under the waters of Fort's Pond." The word "being" is the present participle of the intransitive verb "be" and modifies without question all the previous description of Parcel A. By "modifies," we mean that the land conveyed is limited with specificity to the land then lying and being situate under the waters of Fort's Pond. We, accordingly, hold that the trial judge erred in holding that the description was ambiguous and that it included land not under the waters of Fort's Pond at the time of conveyance.

## CONCLUSION

For the above reasons, we hold that the trial judge erred in holding that the description of the deed was ambiguous and that it included lands other than that located under the waters of Fort's Pond. Accordingly, the appealed order is reversed and the case is remanded with instructions to enter judgment in accordance with this decision.

Affirmed and remanded.

GOOLSBY, J. and LITTLEJOHN, Acting Judge, concur.