THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Vernon C. Cook, Appellant,
 
 
 

v.

 
 
 
 Wilma C. Kay, Respondent.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master-In-Equity

Unpublished Opinion No. 2005-UP-507
Submitted June 1, 2005  Filed August 30, 2005    

AFFIRMED

 
 
 
 Carroll D. Padgett, Jr., of Loris, for Appellant.
 James T. Young, of Conway, for Respondent.
 
 
 

PER CURIAM: In this boundary dispute action, Vernon C. Cook (Appellant) asserts the master-in-equity erred in not considering extrinsic evidence as proof of the grantors intent.  We find the grantors intent can be clearly identified from the four corners of the deeds.  We affirm.[1] 
FACTS
Hosea C. Cook acquired a parcel of real estate from Arthur Boyd in February 1959.  A survey prepared at the request of Cook revealed the property, thereafter referred to as the Arthur Boyd tract, contained 31.08 acres of land. 
In December 1997, Cook conveyed a portion of the Arthur Boyd tract to his son, Appellant, and another portion of the property to his daughter, Wilma C. Kay (Respondent).  Maxine Dawes, a real estate broker, prepared the deeds for Cook.  In both deeds, Cook reserved a life estate for himself and his wife.  In July 1999, Cook executed new deeds releasing the reserved life estates.  The new deeds contained legal descriptions identical to those in the deeds formally prepared by Dawes.  
The deed conveyed to Appellant contained the following language:

 ALL AND SINGULAR that certain parcel of land situate in Simpson Creek Township, Horry County, South Carolina and containing fifteen 15 acres, more or less described as follows:
 Beginning at the ditch corner on the East side of the Arthur Boyd tract, in the lands of Henry Boyd: thence traveling in a Northwestern direction approximately 400 feet to center ditch in said tract; thence going about Northeast along ditch through the center of said 31.08 acre tract to the lands of H. C. Stevens, this being the western side of the Arthur Boyd Tract. 

The deed conveyed to Respondent contained the following language:

 ALL AND SINGULAR that certain parcel of land situate in Simpson Creek Township, Horry County, South Carolina and containing fifteen (15) acres, more or less described as follows:
 This is the remaining half of the Arthur Boyd tract, from which the left half was this date conveyed to Vernon Cook; this being the eastern portion bounded by lands of Henry Boyd. 

Cook passed away in 2000.  Thereafter, Respondent hired Eric C. Perry to prepare a survey of her property.  Perrys survey indicated Respondent owned the eastern half of the Arthur Boyd tract, containing 15.569 acres, and Appellant owned the western half, containing 15.52 acres.  Appellant then hired Robert D. Inman to prepare a survey of his property.  That survey reflected Appellant owned the western 18.19 acres of the tract, and Respondent owned the eastern 12.8 acres of the tract. 
Appellant filed a complaint alleging the survey prepared by Perry was incorrect and requesting the court affirm the survey prepared by Inman.  Respondent filed a counterclaim alleging the survey prepared by Inman was incorrect and requesting the affirmation of the survey prepared by Perry.  The master to whom the matter was referred found the grantor intended the property to be divided equally, with Appellant receiving the western half and Respondent receiving the eastern half of the tract.  Therefore, the master found Perrys survey controlling because it correctly divided the property in half.  This appeal follows. 
STANDARD OF REVIEW
A boundary dispute is an action at law.  Bodiford v. Spanish Oak Farms, Inc., 317 S.C. 539, 544, 455 S.E.2d 194, 197 (Ct. App. 1995).  In an action at law tried before a master-in-equity where the appeal is based on an alleged error of fact, this court must affirm the masters order if any evidence reasonably supports his factual findings.  Carjow, L.L.C. v. Simmons, 349 S.C. 514, 519, 563 S.E.2d 359, 362 (Ct. App. 2002).
LAW/ANALYSIS
Appellant argues the deeds, when construed together, lend themselves to more than one interpretation.  Therefore, he asserts extrinsic evidence should have been considered by the master in determining the boundary lines of the tract.  We affirm.
The main object in construing a deed is to ascertain the intention of the grantor from the language used in the deed.  Lake View Acres Dev. Co. v. Tindal, 306 S.C. 477, 479, 412 S.E.2d 457, 458 (Ct. App. 1991).  The vital question is the intent of the grantor at the time the deed is executed.  Garrett v. Locke, 309 S.C. 94, 98, 419 S.E.2d 842, 845 (Ct. App. 1992).  When there is no ambiguity in the description of the property conveyed, the grantors intent must be determined from within the four corners of the deed.  See Bellamy v. Bellamy, 292 S.C. 107, 111, 355 S.E.2d 1, 3 (Ct. App. 1987).  When the intention of the grantor is not accurately expressed in the deed, extrinsic evidence may be admitted to explain it.  Smith v. Du Rant, 236 S.C. 80, 90, 113 S.E.2d 349, 354 (1960).  
When construed together, the deeds in this case indicate the grantors intent to divide the property equally between Appellant and Respondent.  Appellants deed contains a general description of the boundaries of his tract.  Appellant asserts Inman correctly surveyed his portion of the property using such boundary descriptions.  He also argues that because Inman and Perry discovered different boundary lines, the deeds must be capable of more than one inference.  However, the last sentence of Appellants deed description states that this is to be the western side of the Arthur Boyd tract.  [I]f a general description is followed by a clause summing up the intention of the parties as to the premises conveyed, such clause has a controlling effect on all prior phrases used in the description. . . .  Lake View, 306 S.C. at 480, 412 S.E.2d at 459.  Therefore, the controlling phrase in Appellants deed indicates he is to retain the western half of the tract.  The grantor clearly intended that Appellant and Respondent equally divide his property.  
The intent of the grantor to divide this property in half is further illustrated by the language in Respondents deed.  The deed states: This is the remaining half of the Arthur Boyd tract, from which the left half was this date conveyed to Vernon Cook . . . .  Because no other boundary description is given, only one interpretation is possible.  Again, the grantor clearly intended to equally divide his property, with the western half of the tract going to Appellant and the eastern half going to Respondent. We find the grantors intent is clearly established from within the four corners of the deeds.  Therefore, the master was correct in finding the deeds are unambiguous.
Appellant next argues the master placed too much emphasis on the acreage requirement in determining the intent of the grantor.  We affirm. 
The master referenced the fact that both deeds state fifteen acres, more or less, is to be conveyed.  In locating land, resort is had first to natural boundaries, next to artificial monuments, then to adjacent boundaries, and last to courses and distances.  Garrett, 309 S.C. at 98-99, 419 S.E.2d at 845.  Acreage is ordinarily of little or no importance in determining boundaries of land.  Phillips v. Du Bose, 223 S.C. 224, 232, 75 S.E.2d 56, 60 (1953).  However, the rules for determining disputed boundaries are flexible and subject to modification depending upon the particular facts of each case.  Garrett, 309 S.C. at 98, 419 S.E.2d at 845.  As noted above, the grantors intent is clearly shown by language other than the acreage amount.  However, the acreage requirement reiterates the grantors intent to equally divide the property.  Accordingly, the master cited the acreage amount in addition to other language quoted from the deeds.  Therefore, the master did not err in referencing the acreage requirement in his ruling.   
AFFIRMED.
HEARN, C.J., BEATTY, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.