THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Louis Brown, Appellant,
 
 
 

v.

 
 
 
 Peter O. Lawson-Johnston, Morgan Guaranty Trust Company of New
 York, as Trustee of the Trust Created by Article Ninth of the Will of Harry
 F. Guggenheim, deceased, Berkeley County Forfeited Land Commission, Berkeley
 County Clerk of Court, as a Member of the Berkeley County Forfeited Land Commission, Berkeley
 County Treasurer's Office, Body Politic and as a Member of the Berkeley
 County Forfeited Land Commission, Berkeley County Auditor's Office, as a
 Member of the Berkeley County Fortified Land Commission, Berkeley County
 Assessor's Office, Berkeley County Tax Collector's Office, Berkeley County
 Register Mesne Conveyance Office, Berkeley County Administrative
 Services/Records Management Office, Berkeley County Real Property Services
 Office, Berkeley County Sheriff's Office, Estate of James Fordham, Estate of
 Ben Gadson, Estate of Joseph Dixon, Estate of George H. Avinger a/k/a Estate
 of George Avinger a/k/a Estate of G.H. Avinger, Sr., Estate of Edwardine Avinger
 a/k/a Estate of Edwardine Wells Avinger, Linda Ann Avinger a/k/a Linda Ann
 Avinger Gibson, Estate of Pearl Smalls a/k/a Estate of Pearlie Smalls a/k/a
 Estate of Pearle M. Leland, Laura Leland, Estate of Elias Francis Barnes,
 Matial Williams, Emily Barnes Coles, Estate of Prince Dixon, Estate of John
 Dixon, Estate of Tilla Dixon, Estate of Julia Watson, Estate of Margaret
 Roselie Smith, Estate of Lila Watson, Estate of Emma Dixon, Geneva Dixon,
 Estate of William Dixon, Mary Dixon a/k/a Mary D. Rivers, Julia Dixon a/k/a Julia
 D. Lockwood, Estate of Jeffrey Dixon, Henrietta Dixon, Rosemarie B. Gregory
 a/k/a Rosemarie B. West a/k/a Rosemarie B. Dixon West a/k/a Rose Marie B.
 Dixon West,  Cainhoy Investments Properties, LLC, Charles L.  Moore, Wachovia
 Bank, National Association, Estate of George Edward Smith, Toyka Nicole
 Smith, Henry Vander Smith, Jr., Azile H. Smith Owens, Jerome Smith, Colin
 Simard Smith a/k/a Colin Sammard Smith, Estate of Wallie Venning a/k/a Wallie
 E. Venning, Earl Venning, Eliza Wright, Benjamin Venning, Isaiah Venning
 a/k/a Isaih Venning, Estate of Fortune Mills, Estate of Hannah Mills Mack,
 Rebecca Mills, 
 Eliza Mack, Estate of Clarence Mack, Lillian Mack Vanderhorst,
 Estate of Mazalee Mack, Elias Mack, Susie Mack, Lille Bell Manigault, Joseph
 Mack, Julian Smith, Estate of Walter Lemon, Rosa Lemon, Rose Green, Gussie
 Bryan, Lizzie Bryan, Estate of Peter Lincoln, Harold Lincoln, Estate of Sam
 Binyard a/k/a Estate of Sam Benyard, Estate of Louise Binyard, Estate of
 Alonzo Bennet a/k/a Alonzo Binyard, Leola Bennett a/k/a Leola Perrino, Marie
 Bennett a/k/a Marie Hensworth, Estate of Anna Slaughter a/k/a Anna Slaughter
 Binyard a/k/a Anna Binyard a/k/a Anna Lee Binyard Slaughter, Beatice Binyard
 a/k/a Beatrice Credell, Estate of Loretta Binyard a/k/a Loretta Brown, Estate
 of Geneva Binyard a/k/a Kelley, Jennifer Kelley, Herbert Kelley, Terry Kelley,
 Schnelle Kelley, Kil Kelley, Estate of Herman Binyard, Estate of  Harding
 Binyard, Arnold Brown, Florine Gethers Green And John Doe and Mary Roe
 Representing All Other Unknown Persons and Those Whose Names Are Not Known,
 Including the Heirs, Successors.  Devisees, Administrators, Executors, and
 Personal Representatives and Distributees of any of the above named
 defendants and those who may be deceased, including but not limited to, James
 Fordham, Ben Gadson, Joseph Dixon, George Henry Avinger, Sr., a/k/a G.H.
 Avinger, Sr. a/k/a George H. Avinger, Edwardine Avinger a/k/a Edwardine Wells
 Avinger, Pearl Smalls a/k/a Pearlie Smalls a/k/a Pearle M. Leland, Elias
 Frances Barnes, Prince Dixon, John Dixon, Tilla Dixon, Julia Watson, Margaret
 Rosalie Smith, Lila Watson, Jeffrey Dixon, George Edward Smith, William
 Dixon, Emma Dixon, Wallie Venning a/k/a Wallie E. Venning, Fortune Mills,
 Hannah Mills Mack, Clarence Mack, Mazalee Mack, Peter Lincoln, Walter Lemon,
 Sam Binyard, Louise Binyard, Alonzo Bennett a/k/a Alonzo Binyard, Anna
 Slaughter a/k/a Anna Slaughter Binyard a/k/a Anna Binyard a/k/a Anna Lee Binyard
 Slaughter, Loretta Binyard a/k/a Loretta Brown, Harding Binyard, Herman
 Binyard, Geneva Kelley a/k/a Geneva Binyard, and also all other unknown
 persons, claiming any right, title estate, interest in, or lien upon the real
 estate which is subject of this action, including any unknown heirs, infants,
 persons under disability, and persons who may be in the military service, Respondents.
 
 
 

Appeal From Berkeley County
 Robert E. Watson, Master-in-Equity

Unpublished Opinion No. 2012-UP-266
 Heard February 14, 2012  Filed May 2,
2012    

AFFIRMED

 
 
 
 Brian Morris Knowles, of Summerville, for
 Appellant.
 Anastasios Hugh Chakeris, Bruce Alan
 Berlinsky, David F. Santos, John Davis Harrell, all of Charleston, Richard J.
 Brownyard, of Mt. Pleasant, W. Cliff Moore, III, of Columbia, for Respondents. 
 
 
 

PER CURIAM: Louis Brown appeals the trial court's
 ruling that Brown does not possess title to fifty-five acres of property
 (Property) in Berkeley County.  We affirm pursuant to Rule 220(b), SCACR, and
 the following authorities:
As to Brown's argument the
 trial court erred in failing to find the Property existed within the excess
 acreage of the Respondent Landowners:  Lake View Acres Dev. Co. v. Tindal,
 306 S.C. 477, 480, 412 S.E.2d 457, 459 (Ct. App. 1991) ("[I]t is
 elementary 'that boundaries govern acreage and inaccuracies relating to the
 area of a tract are generally immaterial['] if the description clearly
 identifies the land conveyed and its boundaries." (quoting Brownlee v.
 Miller, 208 S.C. 252, 260, 37 S.E.2d 658, 661 (1946))); Eldridge v. City
 of Greenwood, 331 S.C. 398, 435, 210, 503 S.E.2d 191, 210 (1998) ("[I]n
 an action to quiet title, the plaintiff must recover on the strength of his own
 title, not on the alleged weakness of the defendant's title.").  
As to Brown's
 argument the trial court erred in finding that Brown did not possess title to
 the Property on the basis of adverse possession:  McDaniel v. Kendrick, 386 S.C. 437, 442, 688 S.E.2d 852, 855 (Ct. App. 2009) (stating the party
 asserting adverse possession must show by clear and convincing evidence of continuous,
 hostile, open, actual, notorious, and exclusive possession); Getsinger v.
 Midlands Orthopaedic Profit Sharing Plan, 327 S.C. 424, 430, 489 S.E.2d
 223, 226 (Ct. App. 1997) (stating occasional and temporary use or occupation
 does not constitute adverse possession); Jones v. Leagan, 384 S.C. 1,
 13-14, 681 S.E.2d 6, 13 (Ct. App. 2009) (stating while the legal owner need not
 have actual knowledge the claimant is claiming property adversely, the hostile
 possession should be so notorious that the legal owner by ordinary diligence
 should have known of it); Clark v. Hargrave, 323 S.C. 84, 87, 473 S.E.2d
 474, 476-77 (Ct. App. 1996) (stating that although "color of title draws
 the constructive possession of the whole premises to the actual possession of a
 part only, and is evidence of the extent of the possession claimed, it is not
 of itself evidence of adverse possession, and it does not follow that adverse
 possession can be proved by less evidence when the entry is under color of
 title than when it is not").  
As to Brown's argument the
 trial court erred in failing to find that his property was upon the properties
 of the defendants who failed to make any objection or appearance:  Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is
 axiomatic that an issue cannot be raised for the first time on appeal, but must
 have been raised to and ruled upon by the trial judge to be preserved for
 appellate review."); Noisette v. Ismail, 304 S.C. 56, 58, 403
 S.E.2d 122, 124 (1991) (holding when a trial court fails to address a specific
 argument raised by the appellant, the appellant must make a motion to alter or
 amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on the argument or the
 matter is not preserved for appellate review).
AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.